In the Matter of the Compensation of
Joseph N. Thomas, Claimant.
## CITY OF PORTLAND,
*Petitioner,*

*v.*

## THOMAS,
*Respondent.*

(WCB 84-00523; CA A36063)

726 P2d 965

Barry F. Shanks, Portland, argued the cause for petitioner. With him on the briefs were Michael A. Lehner and Mitchell, Lang & Smith, Portland.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief was Malagon & Associates, Eugene.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem, filed a brief *amicus curiae* for the State of Oregon.

Jerald P. Keene and Roberts, Reinsch & Klor, P.C., Portland, filed a brief *amicus curiae* for Oregon Self Insurers' Association.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

The City of Portland (City) petitions for review of an order of the Workers' Compensation Board which awarded claimant benefits for injuries which he incurred while providing farrier services. City argues that the Board erred in holding that ORS 656.029,[1] which governs the filing of declarations of independent contractor status, applies to municipalities and, therefore, erroneously deemed claimant to be an employe of City for purposes of the Workers' Compensation Law. We agree, reverse and reinstate the denial.

The facts are undisputed. In 1979, claimant verbally contracted with City to provide farrier service to its mounted police division on an "as-needed" basis. City paid him thirty dollars for each horse shod, and he worked whatever number of days was necessary to shoe all the police horses. He supplied his own tools, materials and transportation. He also performed similar services for other horse owners in the area. On November 25, 1983, a horse kicked claimant in the side while he was providing services to City and fractured his arm and ribs.

Claimant filed a claim, which City denied on the ground that he was not a covered employe. Claimant sought a hearing to contest the denial; he argued that he was a City employe and that, even if he were an independent contractor, he should be deemed a covered employe because of City's failure to file a joint declaration with him of independent contractor status, as required by ORS 656.029. The referee held that claimant was an independent contractor but that City was responsible for the claim under ORS 656.029. City petitioned for review by the Board, where it argued that it is not a "person" within the meaning of ORS 656.029 and, therefore, is not subject to the requirements of that statute. The Board rejected the argument and affirmed the referee's order setting aside City's denial.

ORS 656.029 provided, in part:

"(1) If any person engaged in a business and subject to this chapter as an employer lets a contract involving the

---

[1] ORS 656.029 was amended in 1985. We refer throughout this opinion to the statute before the amendment. It was initially enacted as Or Laws 1979, ch 865, §2.

performance of labor and such labor is performed by the person to whom the contract was let, with assistance of others, all persons engaged in the performance of the contract are deemed subject workers of the person letting the contract unless the person to whom the contract is let has qualified either as a carrier-insured employer or a self-insured employer.

"(2) If the person to whom the contract is let performs the work without the assistance of others, that person is subject to this chapter as a subject worker of the person letting the contract:

"(a) Unless that person and the person letting the contract jointly file with the insurer or self-insured employer a declaration stating that the services rendered under the contract are rendered as those of an independent contractor. If the insurer or self-insured employer determines that special circumstances exist because of the type of work to be performed that preclude filing of the joint declaration prior to the commencement of work, the joint declaration is valid and effective if it is signed prior to commencement of work under the contract. In such cases, the joint declaration shall be mailed to or filed with the insurer or self-insured employer within 15 days thereafter * * *."

City's two assignments of error challenge the correctness of the Board's decision holding that it was subject to the statute.[2]

ORS 656.029(2) is the section relevant to this claim. Therefore, the issue is whether City is a "person letting the contract" within the meaning of that section. It is apparent, however, that the legislature intended that language to be synonymous with the phrase "person engaged in a business and subject to this chapter as an employer" in section (1). It is, therefore, on that phrase that we focus our inquiry. Moreover, even if the word "person," as defined in ORS 656.005(21),[3]

---

[2] Although City did not advance this argument before the referee, it did so before the Board. *Destael v. Nicolai Co.*, 80 Or App 596, 723 P2d 348 (1986). Accordingly, we can consider it here.

[3] ORS 656.005(21) provides:

" 'Person' includes partnership, joint venture, association and corporation."

ORS 656.003 provides:

"Except where the context otherwise requires, the definitions given in this chapter govern its construction."

includes municipalities, we must still focus our inquiry on the specific provisions of ORS 656.029 at issue here.

ORS 656.029 applies to "any person engaged in a business and subject to [ORS chapter 656] as an employer." Claimant argues that we should construe that language to include "any subject employer who could be subject to compensate injured subject workers, including public employers." We note, however, that, had the legislature intended to give ORS 656.029 that scope, it could have done so by omitting the qualifying phrase "engaged in a business." Because we usually must assume that none of the language in a statute is superfluous, it is reasonable to infer that the legislature intended ORS 656.029 to apply to some class of entities smaller than that proposed by claimant. Because the word "business" generally connotes activity of a "commercial or mercantile" nature, *see Webster's Third International Dictionary,* it would certainly be reasonable to construe the legislature's use of the phrase as evidence that, even if "person" includes municipalities, it did not intend them to be within the scope of ORS 656.029.

That reading of the statute is at least arguably consistent with the legislative purpose behind ORS 656.029. The impetus behind the introduction and passage of that statute was the desire to eliminate "phony partnerships" and other business entities organized to exclude responsibility under the Workers' Compensation Law. *E. W. Eldridge, Inc. v. Becker,* 73 Or App 631, 635, 700 P2d 301, *rev den* 300 Or 162 (1985). Although we agree with claimant's assertion that the proposition is not self-evident, the legislature might reasonably have believed that municipalities and other governmental entities are less likely to engage in such activities than are "commercial and mercantile" enterprises and excluded them from the requirements of ORS 656.029 for that reason.

In reaching its conclusion that City should be included within the scope of ORS 656.029, the Board focused its analysis more broadly. It reasoned:

> "The Workers' Compensation Law universally applies to the State and its political subdivisions in their capacity as subject employers. ORS 656.005(14). ORS 656.029 is intended to provide a simple means for defining the relationship between contracting parties. It is also intended to encourage

the purchase of workers' compensation insurance by entities that might otherwise attempt to avoid this business cost. * * * [A] conclusion [that City was not subject to ORS 656.029] would be entirely inconsistent with the policies and goals that are apparent from our review of the legislative history of the statute, as well as the general policies of the Workers' Compensation Law. Considering the statute in this context, we believe that the State and its political subdivisions fall within the ambit of the statute by 'necessary implication.'"

We do not, however, agree with the Board's contention that excluding City from the ambit of ORS 656.029 is "entirely inconsistent" with the Workers' Compensation statutes generally. Although it is true that treating municipalities and other governmental entities differently from other employers for the purpose of ORS 656.029 may be inconsistent with the many statutes that treat them similarly, doing so in the narrow context of ORS 656.029 does not significantly undermine the general purposes of the Workers' Compensation Law.

We construe the phrase "person engaged in a business" in ORS 656.029 not to include municipalities. Accordingly, City is not responsible for claimant's injury. Claimant does not assert that there is any other basis to uphold the Board's order. The Board's order was in error.

Reversed; denial reinstated.